Zain **MOHAMMAD**, Petitioner,

v.

John **ASHCROFT**, U S Attorney General, Respondent.

No. 03–60468.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM.*

Zain Mohammad, a native and citizen of Pakistan, appeals the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We find the IJ correctly denied Mohammad's application.

Mohammad entered the United States without inspection in 1990. In 1998, the Immigration and Naturalization Service ("INS") charged Mohammad with being removable from the United States for being present without having been admitted or paroled. The IJ found Mohammad removable as charged. Mohammad then applied for political asylum, withholding of removal and protection under CAT.

Mohammad testified that he was persecuted in Pakistan because he was a member of the Muhajar Qumi Movement ("MQM"), a political party. In 1988, while Mohammad was putting up banners in support of the MQM and equal rights for Indians, he was attacked twice in the same day by strangers who he believed were members of opposing political parties. Although he reported these attacks the police failed to file a report or take any action. In 1989, Mohammad was attacked by members of the People's Party of Pakistan ("PPP"), the political party in power at the time, while he was posting MQM banners with three other MQM members. The PPP members hit Mohammad with a shotgun and a large piece of glass. Mo-

hammad's injuries required him to miss school for "quite a while." He received treatment for his injuries at a private clinic because the hospital refused to treat him without a police report. Mohammad also testified that he was arrested by police officers in 1989 while walking with twenty members of the MQM. They were carrying banners and chanting that the MQM was equal to the PPP. The MQM members disobeyed police orders to proceed no farther because they were entering a PPP neighborhood. Mohammad was detained overnight, but was not interrogated or mistreated.

The IJ found that Mohammad did not satisfy the criteria for asylum or withholding of removal. The IJ determined Mohammad's incidents with the PPP were skirmishes with members of the opposing party, not persecution. The IJ noted that Mohammad was arrested for refusing to obey police orders, not his political beliefs, and that it has been eleven years since Mohammad's incidents in Pakistan. Thus, the IJ concluded he did not qualify as a refugee. Furthermore, the IJ found there was no evidence to support the finding of torture triggering CAT protection.

We review the IJ's decision because the BIA affirmed the IJ's decision without opinion. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir.2003). Asylum may be granted to refugees. 8 U.S.C. § 1158(b)(1). A person may qualify as a refugee either because he has suffered past persecution or because he has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). Persecution is

[t]he infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive . . . in a manner condemned by

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civilized governments. The harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life.

*Abdel–Masieh v. INS,* 73 F.3d 579, 583 (5th Cir.1996). We must uphold the IJ's decision that Mohammad is not eligible for asylum unless Mohammad shows that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Mohammad did not present evidence so compelling that no reasonable factfinder could fail to find he had been persecuted. Although repeated beatings by members of a political party in power could constitute persecution, Mohammad did not demonstrate that his beatings were more than the product of civil unrest in Pakistan. Specifically, he did not establish that his suffering was under government sanction. *See Meghani v. INS,* 236 F.3d 843, 847 (7th Cir.2001) ("Finding persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victim."). Although the police did not file a police report which prevented Mohammad from obtaining care at a government hospital, he was not deprived of medical care because he was treated at a private clinic. Further, he was arrested because he disobeyed police orders not because of his political beliefs, and the police did not mistreat him. This does not constitute persecution. Accordingly, a reasonable factfinder would not be compelled to find that Mohammad suffered past persecution.

■ Nor has Mohammad established that no reasonable factfinder could fail to find that he possessed a well-founded fear of future persecution. To prove a well-founded fear of persecution, Mohammad must show that a reasonable person in the same circumstances would fear persecution if deported. *Jukic v. INS,* 40 F.3d 747, 749 (5th Cir.1994). Here, not only was Mohammad never specifically targeted by the PPP, but Mohammad's family members, including his father, an MQM member, remain in Paksitan without problem. It has been eleven years since Mohammad was attacked while posting banners. Under these circumstances, a reasonable factfinder would not be compelled to find Mohammad possessed a well-founded fear of persecution. Accordingly, Mohammad also cannot show that no reasonable factfinder would fail to find he met the more stringent standard for withholding of removal. *See Faddoul v. I.N.S.,* 37 F.3d 185, 188 (5th Cir.1994).

■ Finally, Mohammad has not established that a reasonable factfinder would be compelled to find that he qualified for relief under CAT. CAT provides that "[n]o State Party shall expel, return ... or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." *Efe v. Ashcroft,* 293 F.3d 899, 907 (5th Cir.2002) (citation omitted). Torture is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 208.18(a)(2). Mohammad has not demonstrated that he has suffered torture in the past. Moreover, although the Pakistani government has a history of human rights abuses, he has not shown that he will likely be tortured when he returns to his country. As stated, his family currently resides in Pakistan without being subjected to torture. A reasonable factfinder

would not be compelled to find that Mohammad would be tortured.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.