United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-60623
Summary Calendar

———————————————

MOHAMMAD BACHAL DETHO; TASNIM KAUSAR DETHO; WAJAHAT ALI DETHO,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

———————————————

On Petition for Review from an Order of
the Board of Immigration Appeals

———————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

The lead petitioner Mohammad Bachal Detho petitions for review

from the Board of Immigration Appeals's order vacating the decision

of the Immigration Judge.  For the reasons below, we deny the

petition.

## I.    Background

Detho is a citizen of Pakistan.  Detho and his family

previously lived in Mirpurkhas, part of the Sindh province of

Pakistan.  From a young age, Detho has been politically active in

———————————

* Pursuant to 5th Cir. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

the Pakistan People's Party ("PPP"), which Detho has described as "pro-national" and "pro-West." Despite being a large Pakistani political party, PPP, according to Detho, receives little support in Mirpurkhas. He has been arrested three times in connection with his political activities with the most recent arrest in 1979.

Following September 11, 2001, Detho was threatened and attacked due to his support for the United States. The first attack took place in his store in November 2001 and was carried out by "pro-Islamic" group members. In December 2001, Detho was beaten with a stick and suffered a face wound. His attackers warned that this was "the tip of the iceberg" and threatened to "kill [his] entire family." He reported the incidents to authorities and was advised to "be quiet . . . or something might happen to him." Additionally, Detho claims that (1) he received threatening telephone calls including a threat of the potential rape of his wife and daughters; (2) gunshots were fired at or near his house; (3) stones were thrown at his house; and (4) his son, who is also a member of PPP, was attacked by the same pro-Islamic groups. Detho moved with his family to Punjab and has not encountered further attacks or threats. He attributes the lack of attacks to the fact that he has not voiced his political opinions.

On April 24, 2002, Detho was admitted to the United States with his wife and son (collectively the "Petitioners") as a nonimmigrant with authorization to remain for a temporary period not to exceed October 22, 2002. He remained longer than permitted.

2

At a hearing on January 16, 2003, Detho admitted the factual allegations and conceded removeability before the Immigration Judge ("IJ"). Thereafter, the Petitioners applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At a hearing on the merits on April 8, 2003, the IJ granted the Petitioners' application for asylum.

On June 22, 2004, the Board of Immigration Appeals (the "BIA") issued an order reversing the IJ's decision. The BIA also denied the Petitioners' applications for withholding of removal and protection under CAT. On July 20, 2004, Detho timely filed the instant petition for review.

## II. Discussion

A. STANDARD OF REVIEW

Because the BIA did not adopt the decision of the IJ, this Court's review is limited to the BIA's decision. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002). We review legal conclusions *de novo* and findings of fact for substantial evidence. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). "Under substantial evidence review, we cannot reverse the BIA's factual determinations unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (internal quotation marks omitted). The alien bears the burden of proof to show that the evidence is so compelling that a reasonable

factfinder could not reach a contrary conclusion.  *See id.*

B.  ASYLUM

Detho claims asylum on the basis of his political opinion.  To be eligible, he must show past persecution or a well-founded fear of future persecution on this basis.  *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); 8 U.S.C. § 1158(a) (2004).

a.  Past Harm

The BIA considered the factual record, accepted Detho's testimony as credible, and ruled that the attacks on Detho, "even taken cumulatively," did not "rise to a level of prosecution as contemplated by the Immigration and Nationality Act." Additionally, the BIA noted that with regard to the first attack, he failed to specify where on his body he was injured or to what extent.

Citing the two attacks against his person and threats made against him and his family, Detho argues he has established past persecution rising to the level necessary for a grant of asylum. Persecution is the "infliction of suffering or harm, under government sanction."  *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996).  Detho relies on *Singh v. Ilchert*, 69 F.3d 375 (9th Cir. 1995), to support his claim that the BIA erred in reversing the IJ's grant of asylum.  In *Singh*, the Ninth Circuit found that the petitioner had suffered persecution because he had been detained twice and "tortured" by police.  *Singh*, 69 F.3d at 379.

4

Specifically, "the police interrogated and beat Singh for two-and-a-half hours, until he lost consciousness.  The police then revived him with water and resumed the beatings. . . .  [T]he police arrested Singh again and imprisoned him for six days.  On each of the six days, the . . . police tightened a wide leather belt around Singh's torso until he lost consciousness." *Id*.  The *Singh* attacks were more egregious than the incidents at issue here.

Moreover, Detho's assault by a "pro-Islamic" political faction stemmed from civil unrest, not persecution.   The attacks were more a product of competing political parties in Pakistan. *See Mohammad v. Ashcroft*, 90 Fed. Appx. 746, 748 (5th Cir. 2004) (unpublished) (finding that "skirmishes" with the PPP in which the alien was hit with a shotgun and a piece of glass were not the result of persecution but civil unrest in Pakistan).  A Seventh Circuit case, *Meghani v. INS,* also has facts similar to those in the instant case.   The alien in *Meghani* was a member of the PPP and was attacked by members of a rival political party.  236 F.3d 843, 844 (7th Cir. 2001).   In the attack, his wrist and shoulder were broken.  *Id*.   The IJ accepted his account as credible but found that the incident did not rise to the level of persecution.  *Id*. at 847.   The Seventh Circuit agreed that the "incident was civil unrest between competing political factions not amounting to persecution." *Id*.

We find that Detho has failed to demonstrate that he has

5

suffered persecution in Pakistan. Detho's incidents were less severe than what took place *Singh*, which Detho relies on to establish persecution. Instead, like *Mohammad* and *Meghani*, the incidents reflect civil unrest in Pakistan due to rivalry among political parties. Accordingly, the BIA did not err in finding that the harm Detho suffered did not rise to the level of persecution.

    b.    Well-Founded Fear of Persecution

"To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao*, 404 F.3d at 307. Detho, however, argues that he is not required to prove this well-founded fear, because he met his burden of proving past persecution in the initial trial before the IJ and therefore is entitled to the regulatory presumption of fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1) (2004). His argument is without merit. As stated above, the BIA vacated the IJ's findings, and, therefore, the IJ's decision is not before this Court for review. *See Girma*, 283 F.3d at 666.

Detho has failed to establish that his fear of future persecution is objectively reasonable. Detho has not shown that he will be singled out for persecution, *see Zhao*, 404 F.3d at 307, nor has he met his burden of establishing that it would be unreasonable for him to relocate within Pakistan. *See* 8 C.F.R. §

6

1208.13(b)(3)(I). While Detho and his family lived in Punjab, they did not receive any threats and were not attacked. "[O]ngoing family safety seems to be an even stronger indicator of 'unreasonable' fear when the feared persecutor has a national influence," like a rival political party. *Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004). In fact, although there are social, cultural, and political differences between the Sindh and Punjab provinces, Detho testified that in Punjab he has relatives and there are many PPP supporters. In sum, the BIA did not err in finding that Detho failed to demonstrate a well-founded fear of persecution.

## III. Conclusion

Substantial evidence supports the BIA's judgment that Detho has failed to establish past persecution or a well-founded fear of future persecution. Accordingly, Detho's petition for review is DENIED.